FORET, Judge.
Appellant, Mike Eskew Motor Company, Inc. (hereafter Eskew), appeals from the trial court’s judgment upholding the levying and collecting of an ad valorem tax imposed upon the equipment and machinery of his wreckers.
Plaintiff-appellant, Eskew, filed a petition for refund of taxes paid under protest. Named as defendant was appellee, Grady L. Kelley, Jr. (hereafter Kelley), Rapides Parish Sheriff and Tax Collector. In 1988, Eskew was the owner of four wreckers. For that year, taxes were assessed against the machinery and equipment of those wreckers and, in particular, the beds, booms, winches, power take-off equipment, and tow slings thereof. Eskew paid the sum of $743.26 in ad valorem taxes under protest.
FACTS
Ralph Gill, Rapides Parish Deputy Tax Collector, and Rodney Ellwood Carroll, acting Supervisor of the Louisiana Tax Commission for the Audit Section on Personal Property, testified on behalf of defendant Kelley. Gill stated that the Louisiana Tax Commission ordered the Rapides Parish Tax Assessor’s office to assess wreckers and that his office asked Carroll to appraise Eskew's wreckers. Both witnesses testified that a licensed motor vehicle is exempt from ad valorem taxation; that the term “machinery” of a motor vehicle means everything attached above the cab and chassis thereof; and that the machinery and equipment of a motor vehicle are not exempt from such taxation.
At trial, Mike Eskew testified that the function of a wrecker was to tow wrecked, disabled, and/or broken down vehicles and that, without its equipment and machinery, a wrecker could not function as a tow truck. He concluded that the wrecker’s machinery and equipment were inseparable from the wrecker, or the motor vehicle, on which they were situated, and thus the entire wrecker motor vehicle was exempt from ad valorem taxation.
The trial court adopted the rationale and reasoning of the defense witnesses. It rendered judgment, dismissing Eskew’s suit with prejudice and at its costs. We reverse.
LAW
Article 7, § 21(E) of the 1974 Louisiana Constitution provides an exemption to “... motor vehicles used on the public highways of this state, from state, parish, and special ad valorem taxes_” In La.R.S. 47:1703 A, this tax exemption is reiterated.
The term “motor vehicle” is defined neither in the constitutional article nor in the statute. A motor vehicle ordinarily means a vehicle which is self-propelled and is used for the purpose of carrying passengers and/or goods on the roads and highways of this State. (This definition is a synoptic definition obtained from a reading of the definition of motor vehicle in the Louisiana Highway Regulatory Act (La. R.S. 32:1, et seq.), the Driver’s License Law (La.R.S. 32:401, et seq.), the Vehicle Certificate of Title Law (La.R.S. 32:701, et seq.), the law pertaining to the Distribution and Sale of Motor Vehicles (La.R.S. 32:1251, et seq.), the Motor Carrier Law (La.R.S. 45:161, et seq.), and the law. regarding the Vehicle Registration License Tax (La.R.S. 47:451, et seq.).) There is no statute which explicitly states whether or not a wrecker is a motor vehicle and, if it is, how much of that motor vehicle is exempt from ad valo-rem taxation.
*97 We believe that the wrecker is a specialized motor vehicle which operates on the public highways of this State. Beneath its hood, the wrecker contains a motor, or engine, by which it is propelled. The wrecker’s machinery and equipment, including its boom, winch, power take-off equipment, and sling, are a vehicle, which is defined by La.R.S. 47:451(42) as:
“ ‘Vehicle’ means every device in, upon, or by which any person, property, or thing is or may be transported or drawn upon a public highway excepting devices moved by human power or used exclusively upon stationary rails or tracks; provided, that for the purpose of this Chapter, a bicycle or a ridden animal shall not be deemed a vehicle, and provided further that a trailer or semitrailer shall be held and deemed each to be and constitute a separate vehicle.”
The entire wrecker motor vehicle functions as a tow truck, which is defined by La.R.S. 32:1713(5) as:
“ ‘Tow truck’ means any motor vehicle equipped with a boom or booms, winches, slings, tilt beds, and/or similar equipment designed for the towing and/or recovery of vehicles and other objects which cannot operate under their own power or for some reason must be transported by means of towing.” (Emphasis added.)
Accordingly, we hold that the machinery and equipment of a wrecker motor vehicle are exempt from ad valorem taxation. Es-kew is entitled to judgment, decreeing that Kelley return to him the sum of $743.26 that Eskew paid under protest.
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment in favor of plaintiff, MIKE ESKEW MOTOR COMPANY, INC., and against defendant, GRADY L. KELLEY, JR., SHERIFF & EX-OF-FICIO TAX COLLECTOR, for the sum of SEVEN HUNDRED FORTY-THREE AND 26/100 ($743.26) DOLLARS, plus legal interest thereon from date of the judgment.
Costs of this appeal and at the trial level are assessed to defendant-appellee.
REVERSED AND RENDERED.